UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT J. WILLIAMS,**

    **Plaintiff,**

v.    Case No.:

**GLOBAL CONNECTIONS, INC.**
**d/b/a BAMBOO BEACH CLUB**
**RESORT,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Robert J. Williams, by and through undersigned counsel, herby sues Global Connections, Inc. d/b/a Bamboo Beach Club Resort ("Defendant") and in support of states as follows:

**NATURE OF ACTION**

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Plaintiff worked for Defendant in Pinellas County, Florida.

6. Defendant is a Foreign Profit Corporation.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "employee" within the meaning of the ADAAA, 42 U.S.C. § 12101, *et. seq.*

9. Defendant is considered an "employer" within the meaning of the ADAAA, 42 U.S.C. § 12101, *et. seq.*, and the FMLA, 29 U.S.C. § 2601, *et. seq.*

10. Plaintiff is "disabled" as defined by the ADAAA.

11. Defendant knew of Plaintiff's disability during his employment.

12. Plaintiff is a "qualified individual" as defined by the ADAAA during his employment with Defendant.

## PROEDURAL REQUIREMENTS

13. Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") on or about April 15, 2020.

14. The EEOC issued a "Dismissal and Notice of Rights" letter on or about April 07, 2021 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

15. This complaint was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" letter.

## STATEMENT OF FACTS

16. Plaintiff began his employment with the Defendant on or about April 15, 2019.

17. In or around early October 2019, Plaintiff's supervisor, Jane Rodriguez ("Ms. Rodriguez") commended Plaintiff on his work with Defendant.

18. On or about October 18, 2019, Plaintiff informed Ms. Rodriguez that during a doctor's appointment the previous day he was diagnosed with cancer and required surgery.

19. On or about October 24, 2019, Plaintiff had surgery and his doctor told him to take two weeks of leave to recover from the surgery.

20. Plaintiff's cancer and surgery limited his ability to stand.

21. Plaintiff subsequently telephoned Ms. Rodriguez and requested two weeks of leave from Defendant as a reasonable accommodation under the ADAAA.

22. Plaintiff then took the two weeks leave and returned to work on or about November 11, 2019 and provided Mr. Rodriguez with the requested medical documentation.

23. On or about December 2, 2019, shortly after Plaintiff returned from leave, Ms. Rodriguez informed Plaintiff that he was being terminated.

24. Defendant had taken no disciplinary action(s) against Plaintiff prior to termination.

25. Ms. Rodriguez gave no explanation.

26. Plaintiff has satisfied all conditions precedent, or they have been waived.

27. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in violation of the ADAAA

1. All allegations prior to Count I are reallaged and incorporated herein.

2. Plaintiff requested leave as an accommodation due to his own disability.

3. After Plaintiff requested an accommodation, he was terminated shortly thereafter.

4. Defendant terminated Plaintiff because of his disability.

5. Defendant's discharge of Plaintiff because of his disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

6. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 24th day of June, 2021 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*
